Everett W. PATTON, doing business as E. W. Patton Company, Appellant,

v.

The ADMINISTRATOR OF CIVIL AERONAUTICS, U. M. Culver, as Director of Alaska Air Terminals Division, Civil Aeronautics Administration, and Frank Gray, as Airport Manager, Fairbanks International Airport, Appellees.

No. 13921.

United States Court of Appeals Ninth Circuit.

Sept. 21, 1954.

Maurice T. Johnson, Fairbanks, Alaska, for appellant.

Theodore F. Stevens, U. S. Atty., Fairbanks, Alaska, Robert P. Boyle, Gen. Counsel, C. A. A., Washington, D. C., H. P. Noggle, Atty., Anchorage, Alaska, C. A. B., for appellees.

Before BONE, and ORR and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Plaintiff Patton filed a complaint in the District Court for Alaska, containing allegations which are below summarized. A regulation was adopted by the Administrator of Civil Aeronautics for the Fairbanks International Airport pursuant to Sections 4 and 8 of the Alaska Airports Act, A.C.L.A. §§ 32–2–4, 32–2–8; 48 U.S.C.A. §§ 485c, 485g, purporting to regulate the operation of "any taxicab or other vehicle carrying passengers for hire from the airport." Plaintiff is engaged in a transportation service, including tours of areas of considerable apparent magnitude, for the benefit of tourists who come to Alaska by air and arrive at the airport. Transportation for this service has been paid for before arrival at various places in the United States where the tourists bought their original tickets, which had been sold and contracted for weeks and months ahead of time. The operation of plaintiff constitutes part of a general tourist service. U. M. Culver, defendant here, wrote to plaintiff indicating that he was violating the regulation quoted above. Whereupon, plaintiff applied for a permit under the terms thereof. This was refused on the ground that Yellow Cab Company had exclusive rights for taxicab service granted under the regulation. This franchise to Yellow Cab Company is alleged to create a monopoly which destroys rights of plaintiff and causes substantial loss of revenue and irreparable damage. Plaintiff prayed (a) that this section of the regulation be declared invalid, (b) that enforcement thereof be restrained, and (c) that defendants be ordered to permit plaintiff to carry on the services to tourists described.

The defendants made general appearance by filing a motion to dismiss on the ground that the District Court lacked "jurisdiction over the subject matter of said action" and that the complaint failed "to state a claim upon which relief may be granted." [112 F.Supp. 823.] The trial court sustained the motion on both grounds, paradoxical as that may seem.

■ The District Court had jurisdiction of a suit against a person causing irreparable damage to plaintiff under claimed authority of a federal regulation which is attacked as inapplicable or invalid.

Apparently the defense is that the property at the Fairbanks International Airport is owned and exclusively operated by the government. But the complaint does not show this. The trial judge does not mention such a factor in the opinion. If this is a salient fact, it should have been set up as a defense.

■ The pleading is broad enough to indicate, and, under it, plaintiff had the right to prove, that his service sold tickets for transportation of persons on tours in Alaska as an integral part of a journey in interstate and foreign commerce commencing by rail or air in the states, going by air to the Fairbanks International Airport, and from there by tour conveyances of plaintiff to some other point in Alaska where the traveler might at another airport take an airplane on another line to Japan. Such an operation might not fall within the purview of a regulation of taxicabs for local haulage. If it did not, the exclusion of plaintiff even from a government owned airport might be deemed arbitrary and unreasonable interference with interstate and foreign commerce.

The facts as to this operation as a part of interstate and foreign commerce should have been developed at trial or by firm admissions in a case stated or definitive pre-trial order, since under the allegations of the complaint it might be concluded that defendants were acting beyond the scope of their authority.

Since the complaint might be so construed, the motion to dismiss should not

have been sustained. Obviously, this Court does not indicate what will be its attitude upon the questions of law here glimpsed.[1]

The case is reversed with direction that the motion to dismiss be denied and plaintiff be given the opportunity to amend the complaint.

1. Especially, there is no attempt to consider the applicability or effect of 49 U.S. C.A. § 453 until the facts are before us.

